**Carolyn Sue BOLING,
Plaintiff-Appellant,**

v.

**Randolph E. BOLING,
Defendant-Respondent.**

**No. 48347.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 31, 1984.

---

1. See, generally, 16A Appleman, Insurance Law and Practice, § 8874.35, p. 368, et seq.

John J. Schlueter, St. Louis, for plaintiff-appellant.

Lawrence J. Permuter, Clayton, for defendant-respondent.

KAROHL, Judge.

Wife appeals denial of maintenance, award of child support for three children, division of marital property and award of attorney's fees in a dissolution proceeding. Wife contends that the denial of maintenance, the award of $1,000 per month for the support of three children and an award of $10,000 for attorney's fees in addition to a previous award of $5,000 was an abuse of discretion. Wife also contends that valuing the family corporation on a net worth or net asset basis under evidence offered by husband and not on a capitalization of earnings method based on evidence offered by wife was an abuse of discretion and resulted in an unfair division of marital property.

The decree dissolved a ten-year marriage. After filing the petition for dissolution wife moved to Arkansas with the three children, ages six, seven and nine, to be near her parents. She works as a teacher's aide in a public school for $418.56 per month. Before and during the marriage she worked in secretarial and office positions for like income. Husband's income is from the ownership and operation of Boling Concrete Construction Company, Inc. (Boling Concrete). The company was started and developed by the parties during the marriage. Husband's income and the value of the company were disputed issues throughout the trial and are interrelated.

The court granted no maintenance, awarded $1,000 per month support for the three children. The company was awarded to the husband and the wife got an undeveloped parcel of real estate valued at $45,000, personal property in her possession and a cash award of $2,500.

We find no error in the denial of maintenance, the award of child support or the determination and award of attorney's fees. Although the wife testified that she did not need periodic maintenance that view was conditioned upon her receipt of one-half of the value of the company as she

valued it, $250,000. However, there was evidence to support a finding that she was able to support herself. *Givens v. Givens,* 599 S.W.2d 204, 206 (Mo.App.1980). The award of child support was supported by the evidence and we find no abuse of discretion. *Oberkrom v. Oberkrom,* 608 S.W.2d 449, 450 (Mo.App.1980). Likewise, the award of $10,000 as an additional fee for wife's attorney was within the trial court's broad discretion. *Gray v. Gray,* 649 S.W.2d 908, 910 (Mo.App.1983).

The wife offered evidence that the books of account of the company were intentionally not kept in good order. Husband's accountant agreed. Cash payments were not always reported as income. Husband spent considerable sums of company income to support a friend and her children without supporting entries in the company records. Company assets were titled in the names of others for non-business reasons. The parties signed a loan application in March 1980 which stated a monthly income of $6,666 and a value of $300,000 for the company. Husband testified that the value of the company on the application was less than its value at the time.

Wife's expert testified the company was worth $443,808. He arrived at this value by capitalizing the income averaged over the years, factored by a percentage related to the median rate paid on corporate bonds. He rejected the net asset approach because it does not measure market value. Husband valued the company at $42,285 claiming the gross value of the vehicles and equipment is $97,785 with debts against the equipment of $55,500. His expert refused to give an opinion of the company's net worth value but opined that if he applied a capitalization of income approach he would come up with $240,000 as the company's value but he would not advise paying that much for the company. Husband's expert preferred the net worth or net asset value method because the company was small, centered on one man, the husband, and the construction business was volatile. Based on the information available to him the husband's expert could not determine whether the company records reflected all of the company assets or their values.

The trial court determined that the proper manner of appraisal or valuation was the net worth of the company's assets as opposed to technical methods of valuation. The court noted that Boling Concrete Construction Company, Inc. has assets consisting of vehicles and equipment worth $97,785 with debts against them in the amount of $55,500 and concluded that the corporation has a value of $42,285.

■ We find insufficient evidence to support the valuation of Boling Concrete. There was no error in the trial court's decision to apply net worth or net asset valuation. Although the wife's expert testified that that was not the appropriate method to be applied, the husband's expert testified that it was and the court was free to make that determination from the evidence. *Beckman v. Beckman,* 545 S.W.2d 300, 301 (Mo.App.1976). The nature of the construction business, the husband's keyman position in the successful operation of the company and the volatility of the two support the trial court's judgment as to the appraisal form in the present case. However, the language of the decree and the husband's evidence reveal that there was insufficient evidence to determine the value of the company on the net worth basis.

The decree indicates that the court considered only the vehicles and equipment and their value and the loans to the company affecting them. The wife, relying upon the alternative theory of value offered no evidence of the valuation of the equipment, the balances due on the loans, nor on any other assets or liabilities of the corporation.

The evidence indicates that Boling Concrete was a going business. Husband's ledger sheet exhibit refers to cash, cash into cash account, checks, payroll checks, returned checks, (thus bank accounts) refunds, loans, deposits and savings. There was no balance sheet evidence, asset statements nor any other evidence from which the court could determine all of the assets and liabilities of Boling Concrete. The court dealt only with vehicles and equip-

ment in making a finding of fact on the valuation of the corporation. This was wholly insufficient to render an accurate net worth or net asset valuation for the corporation when the evidence indicated that there were other assets.

Because the determination of the value of Boling Concrete as a marital asset is not supported by the evidence we remand for further proceedings. The value is significant because the decree indicates an intention by the trial court to divide the marital assets in more or less equal parts. We are unable to determine whether there would be the same or a different division if there had been sufficient evidence to support a finding of the net worth or net asset value of the company.

On remand either or both parties may supply the evidence necessary to properly value the company under the accounting approach accepted and adopted by the court. It will be for the trial court to make the determination of value and determine its proper division which may include a reconsideration of the division of other marital property.

We reverse and remand for further proceedings consistent with this opinion.

PUDLOWSKI, P.J., and GAERTNER, J., concur.