Donneta Kay KAMLER, Respondent,

v.

Steven Mel KAMLER, Appellant.

No. ED 87496.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 30, 2007.

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

Mark D. Hirschfeld, Clayton, MO, for Appellant.

Edward C. Clausen, Anne Kern, Carson & Coil, P.C., Jefferson City, MO, for Respondent.

ROY L. RICHTER, Presiding Judge.

Steven Kamler ("Father") appeals the trial court's judgment dissolving his marriage to Donneta Kamler ("Mother"). Father asserts the trial court erred in valuing and dividing marital property, in denying his motion for a continuance of the trial and in failing to define his visitation rights. We affirm in part, and reverse and remand in part.

## I. BACKGROUND

Father and Mother were married on October 1995 and separated in August 2004. Two children were born of the marriage. During the marriage, the parties acquired a variety of properties, including the marital home, furnishings, motor vehicles and Father's 25% interest in a rental property L.L.C. Vacation property acquired during the marriage was sold during the pendency of the dissolution, and the proceeds of the sale were placed in an escrow account. The court found that both Father and Mother were responsible for the lack of assets, but that Mother had attempted to preserve some of the assets and indicated that Mother should be awarded 75% of the marital assets.

■ In his first point, Father alleges the trial court erred in setting the value of various items of property and that the trial court did not achieve its stated 75% to 25% division of the marital property. We disagree.

■ Review of a judgment of dissolution is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment will be affirmed unless there is no substantial evidence to support the judgment, the judgment is against the weight of the evidence or the judgment erroneously declares or applies the law. *Hoberock v. Hoberock*, 164 S.W.3d 26, 30 (Mo.App. E.D.2005). Neither party here requested findings of fact and conclusions of law. Therefore, all fact issues upon which no specific findings were made must be considered as having been found in accordance with the trial court's result. The court is presumed to have considered the relevant factors in Section 452.330 RSMo. 2000.[1]

■ The trial court makes findings based on the evidence before it at trial. *McGowan v. McGowan*, 43 S.W.3d 857, 865 (Mo.App. E.D.2001). The trial court received evidence concerning the value of the various items of property from Mother's exhibits and testimony. The court determined the value of Father's 25% interest in D.M.M.S., L.L.C., based upon its finding of "the approximate cost of the real estate owned by the entity, plus the cost of initial improvements less the approximate loan balance." This is a recognized method to determine net worth, courts are free to choose the net worth valuation method. *Boling v. Boling*, 683 S.W.2d 661 (Mo.App. E.D.1984). Father offered no evidence concerning the value of his 25% interest in the partnership, nor did he contest Mother's valuation. The trial court is not expected or required to conduct discovery to independently determine the values of various items of property.

In dividing the marital property, the Court awarded Mother the marital home worth $146,000 less mortgages of $79,670.25, her vehicle worth $2,000 with a $2,500 loan to Linn State Bank, her bank account worth $50 and $54,147.74 from the escrow account (which consisted of funds realized from the sale of vacation property owned by the parties). The marital property awarded to Mother has a net value of $120,027.49.

The Court awarded Father all property at 6 Northwoods Drive, two lawn mowers worth $300, pool table worth $300, two vans worth $1,000, a 1996 Grand Prix worth $3,000, pinball machine worth $1,000, two 4-wheelers worth $4,000, an air hockey table worth $500, HVAC tools, parts and equipment worth $30,000, and the 25% interest in D.M.M.S., L.L.C. valued by the Court at $50,000; resulting in property valued at $90,100 awarded to Fa-

---

1. All further statutory references are to RSMo 2000.

ther. This results in Father receiving 43% of the marital property divided by the Court. Father's first point is denied.

In his second point, Father alleges the court erred in making Father responsible for $70,000 in medical bills due to injuries received by Father after the separation. Each party was awarded indebtedness in their name alone. Mother was responsible to repay a $3,000 loan to her family members. There was no evidence adduced that indicated Mother was in any way responsible for any of Father's medical bills. Point denied.

In his third point, Father alleges error in the trial court's refusal to grant his oral request for continuance on the day of trial and allowing his attorney to withdraw on the day of trial. We disagree.

By the trial date, the case had been pending for almost one year. During that time, Father paid no child support and had failed to make mortgage payments on the marital home. The parties had been appearing before the trial court on a regular, almost monthly basis, commencing in May, 2005. On August 3, 2005 the court set the trial date for October 5, 2005. Father testified he had been unhappy with his attorney for quite some time prior to August. Father fired his attorney on October 2, 2005, three days before trial. On the morning of trial, counsel was granted leave to withdraw. Father made an oral request to hire counsel and asked for a continuance. Supreme Court Rule 65.03 requires that absent consent of opposing counsel, an application for continuance must be made by written motion and accompanied by an affidavit. Here, there was no written motion, no affidavit and opposing counsel did not consent to the request for a continuance. Lack of a properly filed written continuance accompanied by an affidavit stating the reasons for the

request are grounds to deny a continuance. *Mills v. Mills*, 939 S.W.2d 72, 74 (Mo.App. W.D.1997). We cannot say the trial court abused its discretion in denying the request that did not comply with Rule 65.03. Point denied.

In his final point, Father alleges the trial court violated Section 452.400 when it failed to properly define his visitation rights. We agree.

The appointed Guardian ad Litem's proposed parenting plan suggested giving Mother sole legal and physical custody of the children, granting Father unspecified periods of visitation only under Mother's supervision. The court found that both parties had abused illegal substances throughout the years, and that Father was continuing to use controlled substances as late as September 2005. Mother stopped using controlled substances when she was pregnant with the couple's first child. Based on Father's prior drug use and threats against himself and Mother, the court found unsupervised visitation inappropriate. The court adopted the Guardian ad Litem's parenting plan outlined above.

Section 452.400.1(1) requires that a parent not granted custody of a child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger the child's physical health or impair his or her emotional development. Further, the statute mandates that the court shall enter an order specifically detailing the visitation rights of the parent without physical custody rights to the child and any other children for whom such parent has custodial or visitation rights. The trial court's judgment does not comply with the requirements of the statute. The trial court adopted the Guardian ad Litem's proposed parenting plan, which stated in pertinent part: " . . . father being awarded only supervised visi-

tation with a family member or individual approved by the mother, only, at such times approved by the mother." Such an order does not comply with the statute, is vague and unenforceable. Therefore, we remand to allow the trial court to follow the requirements of the statute.

### III. CONCLUSION

Father's appeal of the judgment dissolving his marriage to Mother is affirmed in part, and reversed and remanded for further proceedings consistent with this opinion.

KATHIANNE KNAUP CRANE and SHERRI B. SULLIVAN, JJ., Concur.