**In re the Matter of Pamela J. BLEDSOE, Respondent,**

v.

**Robert S. BLEDSOE, Appellant.**

**No. ED 89382.**

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 15, 2008.

Thomas H. Lake, Clayton, MO, for Appellant.

C. John Pleban, Lynette M. Petruska, St. Louis, MO, for Respondent.

ROY L. RICHTER, Presiding Judge.

Robert Bledsoe ("Husband") appeals the judgment dissolving his marriage to Pamela Bledsoe ("Wife"). We reverse and remand for a new trial.

## I. BACKGROUND

Days prior to the dissolution hearing, Husband's attorney ("Attorney") notified Husband that if her fees were not paid, she would withdraw from his case. On the day of the dissolution hearing, having not received payment, Attorney moved to withdraw.[1] The trial court granted Attorney's motion and Husband requested a continuance. The trial court denied Husband's motion, proceeded to trial and entered judgment dissolving the marriage, determining child support and dividing the parties' property. Husband appeals.

## II. DISCUSSION

■ In his first point, Husband asserts the trial court erred in allowing Attorney to withdraw on the morning of trial in that Attorney failed to provide Husband with sufficient notice. We agree.

■ "Whether to allow trial counsel to withdraw is within the sound discretion of the trial court." *Nance v. Nance*, 880 S.W.2d 341, 345 (Mo.App. E.D.1994). "Although that discretion is judicial in nature and reviewable on appeal, every intendment is in favor of the trial court's ruling." *Id.* Accordingly, we review the trial court's judgment for abuse of discretion.

Case law provides an informative perspective from which to view attorney withdrawal. In *Karolat v. Karolat*, 151 S.W.3d 852, 858 (Mo.App. W.D.2004), a client asserted that she was prejudiced after the trial court allowed two attorneys to withdraw from her case. The Western District of this Court found that withdrawal was proper. In affirming the trial court's decision, the Western District underscored a number of points. In particular, it stated that "[client's] first attorney was allowed to withdraw over one year before the matter was tried." The Court also indicated that client "had ample time to hire a second attorney, which she did" and later consented to that attorney's withdrawal.

The circumstances here are unlike those in *Karolat*. Here, in a letter dated December 15, 2006, Attorney stated that if her fees were not paid by December 18, 2006, one day before trial, she would move to withdraw from Husband's case.[2] Here, unlike *Karolat*, Husband's attorney withdrew on the day of trial, providing Husband no opportunity to employ other counsel. Moreover, Husband did not consent to such withdrawal, as in *Karolat*, because Husband was excluded from the Court's discussion regarding his attorney's withdrawal.

In addition, even more troublesome, Attorney sent Husband a letter demanding payment and threatening withdrawal on a Friday, expecting action by Monday. On the morning of trial, Attorney did not immediately request leave to withdraw, but engaged in negotiations on Husband's behalf in chambers. Only after partially participating did Attorney then request leave to withdraw. That request was made in chambers and ruled on in chambers. Husband was presented with a *fait accompli* when the proceedings began in open court.

---

1. This motion was presented outside of the courtroom, outside the presence of Husband.

2. This letter was dated the Friday before trial. Payment was required by Monday and trial began on Tuesday.

In light of these circumstances, we find Attorney's notice to Husband insufficient.

Wife argues, in response, that this Court's decision in *Kamler v. Kamler*, 213 S.W.3d 185, 188 (Mo.App. E.D.2007) mandates that we affirm the trial court's judgment. Wife's argument is unpersuasive. While Wife correctly states that in *Kamler* we indicated that there was "no abuse of discretion when a trial court [allowed] counsel to withdraw on the day of trial in a dissolution proceeding," Wife's argument overreaches.

The considerations of *Kamler* are distinct from those implicated here. In *Kamler*, the party asserting error fired his attorney three days before trial. *Id.* Thus, *Kamler* did not implicate issues of notice because the party asserting error actively and knowingly dismissed counsel. Conversely, here, Husband was passive in Attorney's withdrawal, receiving little to no notice before his attorney's departure. Accordingly, the trial court abused its discretion in granting Attorney leave to withdraw. Point granted.

Our resolution of Husband's first point obviates the need to discuss Husband's remaining point.[3]

## III. CONCLUSION

The judgment is reversed and remanded for a new trial.

CLIFFORD H. AHRENS and GLENN A. NORTON, JJ., concur.

---

3. Wife's motion for damages for frivolous appeal is denied.