

# In the Missouri Court of Appeals
# Eastern District

DIVISION ONE

| | | |
|---|---|---|
| PHILLIP R. SULLINS, | ) | No. ED99569 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Douglas R. Beach |
| SNOW C. SULLINS, | ) | |
| | ) | |
| Respondent. | ) | FILED: January 21, 2014 |

Phillip R. Sullins ("Husband") appeals from the trial court's "Judgment/Order and Decree of Dissolution" ("Judgment") between him and Snow C. Sullins ("Wife"), *inter alia*, awarding Wife maintenance, child support, and Wife's attorney's fees. We affirm in part and reverse and remand in part.

## I. Background

Husband and Wife were married in November 2003. Two children were born of the marriage, both minors at the time of the Judgment. The parties separated in June 2012 and the dissolution of marriage proceeding commenced prior to that time, on August 17, 2011. Wife filed a motion pendente lite and affidavit for support, maintenance, injunction, and suit money. The trial court ruled on the temporary motion on January 27, 2012, determining, *inter alia*, that Wife should immediately be the payee

of the children's Social Security benefits of approximately $1,528 per month, as well as the expenses for which Husband and Wife each would be responsible.

The trial court conducted a trial on the petition for dissolution of marriage throughout four non-consecutive days in the summer of 2012. On September 18, 2012, the trial court entered its Judgment, including findings of fact and conclusions of law, *inter alia*, dissolving the marriage, determining child custody, classifying and dividing the parties' property, awarding maintenance and child support, and ordering Husband to pay $4,000 in Wife's attorney's fees. Husband filed a motion to set aside, vacate, and correct the Judgment on October 12, 2012, which was not heard and therefore deemed denied. This appeal follows.

## II. Discussion

Husband raises three points on appeal. First, he alleges the trial court erred in failing to make statutorily required findings by incorporating a blank Form 14 child support worksheet into its Judgment, such that the findings of fact underlying the computation were not preserved, and by entering contradictory child support terms in its Judgment, such that the parties are hindered both now and for future modifications in reviewing the basis for the child support award as well as the spousal maintenance award.

Second, Husband alleges the trial court abused its discretion in awarding spousal maintenance of $400 per month to Wife by failing to consider that its award of the Social Security benefits to Wife were financial resources available to her in the amount of $866 more per month than the presumed child support calculation the court awarded her. Therefore, Husband claims the spousal maintenance award exceeded her reasonable needs and Husband's ability to pay.

2

Third and finally, Husband contends the trial court abused its discretion in awarding permanent spousal maintenance to Wife by failing to find that Husband's income figures from a retirement savings account and other retirement plans included taxable distributions of principal and were declining and limited in duration, such that the court's findings of no evidence of an impending change in the financial condition of the parties was not supported by competent evidence.

A. Standard of Review

We review a non-jury case under Rule 73.01(c). The trial court's judgment will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). We review the trial court's grant of maintenance for an abuse of discretion; thus, we will not disturb the trial court's decision unless it has abused that discretion. Schuh v. Schuh, 271 S.W.3d 35, 37 (Mo. App. E.D. 2008). We defer to the trial court's determinations of credibility and view the evidence and the inferences that may be drawn therefrom in the light most favorable to the judgment. Vinson v. Adams, 192 S.W.3d 492, 494 (Mo. App. E.D. 2006).

B. Point I: The use of Form 14 is mandatory.

In his first point, Husband alleges the trial court erred in failing to make statutorily required findings by incorporating a blank Form 14 child support worksheet into its Judgment.

In determining the proper child support amount, Rule 88.01, together with Section 452.340, directs the trial court to apply a two-step analysis. Garner v. Garner, 973 S.W.2d 513, 515 (Mo. App. E.D. 1998); Rule 88.01; Section 452.340. First, the trial

court is required to calculate the child support amount pursuant to Civil Procedure Form 14 ("Form 14"), either by accepting one of the parent's Form 14 calculations or by performing its own Form 14 calculation. Thorp v. Thorp, 390 S.W.3d 871, 882 (Mo. App. E.D. 2013). The first step is a "mathematical calculation[,] the mandatory use of which insures that the child support guidelines will be considered in every case[.]" Woolridge v. Woolridge, 915 S.W.2d 372, 379 (Mo. App. W.D. 1996). Second, the trial court considers whether the presumed Form 14 amount is "unjust or inappropriate" after considering all relevant factors. Garner, 973 S.W.2d at 515. The trial court is afforded broad discretion in the final determination of the child support award. Thorp, 390 S.W.3d at 882. An appellate court reviews the trial court's application of the two-step analysis to determine if the child support award is supported by substantial evidence, the award is not against the weight of the evidence, and the award does not erroneously declare or apply the law. Malawey v. Malawey, 137 S.W.3d 518, 527 (Mo. App. E.D. 2004). Once it passes our standard of review, we then review for an abuse of discretion with respect to the trial court's rebuttal review of its presumed child support calculation. Id.

Although the presumed child support amount may be rebutted upon a finding that it is unjust or inappropriate after consideration of all relevant factors without a mandatory worksheet or formula, the first step of calculating the presumed amount using Form 14 is mandatory. Woolridge, 915 S.W.2d at 378.

In Crow v. Crow, this Court reviewed a father's allegation that the trial court erred in refusing to modify the amount of his child support obligation. 300 S.W.3d 561, 563-64 (Mo. App. E.D. 2009). However, because the record did not disclose that the trial

4

court used or referenced Form 14 in calculating the father's child support obligation, nor did the trial court attach any Form 14 worksheet to the judgment, we found the trial court failed to determine and find for the record the presumed correct child support amount pursuant to Form 14, thus, failing to make the findings required by Rule 88.01. Id. at 564. In accordance with Rule 78.07(c), we further found allegations of error relating to a trial court's failure to make findings required by Rule 88.01 in a court-tried case are not preserved for appeal and are thereby waived unless raised in a post-trial motion to amend the judgment. Id. at 565. This holding was consistent with the purpose and background of the 2004 amendment to the rule, to reduce and discourage appeals and subsequent technical reversals for errors in the form of judgments that could be corrected by bringing them to the attention of the trial judge. See Wilson-Trice v. Trice, 191 S.W.3d 70, 72 (Mo. App. W.D. 2006). Accordingly, "[r]equiring parties to file a post-trial motion to amend notifying the trial court of this error is in the interests of judicial economy and is in the interests of minimizing the emotional and financial resources of the parties." Crow, 300 S.W.3d at 566.

Here, Husband filed a motion to set aside, vacate and correct the judgment on October 12, 2012, thereby preserving his allegations of error relating to the trial court's failure to make findings required by Rule 88.01 and Form 14. Unfortunately, for reasons unknown to this Court and not found on the record, the trial court failed to rule on the motion and failed to correct the omission, which could have furthered the preservation of judicial and party resources. Instead, the litigation continues here.

Upon our review, we find the Form 14 filed on June 14, 2012, contained in the Legal File (Exhibit 2) is mostly blank, other than a single figure of $50 listed as the basic

5

child support amount. The trial court based its child support award of $662 per month on a calculation referenced and incorporated into the Judgment as Exhibit 2. Husband alleges many child support errors, such as, among others, failure to include maintenance in Wife's income, failure to give income credit for Husband's pre-existing child support obligation to his disabled daughter (from another relationship), and failure to give credit for overnights Husband was awarded in the custody plan. He further alleges errors in the maintenance award, including Wife's receipt of Social Security payments. However, without a proper Form 14 completed in the Legal File to demonstrate the presumed child support amount, we are left without explanation as to how that computation was made and a proper review is unattainable.

Additionally and importantly, the Judgment is expressly contradicted in that the Parenting Plan, Part B, declares the child support was not pursuant to Form 14, finding the Form 14 presumed amount would be unjust and inappropriate. Although we are mindful of Rule 84.13(b), namely, "[n]o appellate court shall reverse any judgment unless it finds that error was committed by the trial court against the appellant materially affecting the merits of the action," a contradictory judgment necessitates more than a clerical correction. Husband's first point is granted.

We reverse and remand the case to the trial court for judicial proceedings necessary for the resolution of the presumed correct child support amount and the mandatory Form 14 to be included in the record. Thereafter, the trial court is directed to make its findings consistent within its judgment.

C. Point II: Trial Court properly considered Social Security income.

6

Husband next argues that the trial court abused its discretion in awarding spousal maintenance to Wife by failing to consider that its award of the Social Security benefits to Wife were financial resources available to her of $866 more per month than the presumed child support calculation the court awarded her, such that the spousal maintenance award exceeded her reasonable needs and Husband's ability to pay. Husband's claim of error points to Section 452.335.2(1), which requires courts in making maintenance awards to consider all relevant factors, including the financial resources of the party seeking maintenance, including marital property apportioned to the parties, and the parties' ability to meet their needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian. Section 452.335.2(1).

Husband claims the trial court erred by failing to give him credit for the Social Security money paid to Wife for the children and in failing to consider that extra income as a financial resource available to Wife to meet her reasonable needs in the maintenance determination. Husband suggests that costs are counted twice as expenses which Husband is expected to pay, both as child support and as maintenance.

In Weaks v. Weaks, 821 S.W.2d 503 (Mo. banc 1991), the Missouri Supreme Court held that Social Security disability benefits received by a mother, through the father's account, should have been credited toward the father's child support obligation. The Missouri Court of Appeals, Western District, more recently found Weaks controlling in a situation where social security retirement benefit amounts received by a child, derivatively from the father, were "earned" by the father and thus, entitled the father to a

7

credit against his child support obligation. Villines v. Phillips, 359 S.W.3d 44, 50-51 (Mo. App. W.D. 2011).

Further, "[i]t makes sense that if the child's needs are not included in the maintenance calculation, income received on behalf of the child, including child support, also is not to be included in the calculation of maintenance." Adams v. Adams, 108 S.W.3d 821, 828 (Mo. App. W.D. 2003) (emphasis in original) (citing Cohen v. Cohen, 73 S.W.3d 39, 51 (Mo. App. 2002); Crawford v. Crawford, 986 S.W.2d 525, 529 (Mo. App. 1999)). The child's Social Security benefits "are the property of neither the husband nor the wife and are not part of the marital estate." Wilk v. Wilk, 781 S.W.2d 217, 223 (Mo. App. 1989).

Regarding the child support ordered payable to Wife by Husband, the Judgment states:

> Husband is given as a credit against this [child support] amount the social security received by the children on his behalf. Any other support provisions of this Judgment are contained in Parenting Plan Part B, attached hereto as Exhibit 1 and incorporated herein. It is noted that Husband shall be given credit for Social Security payments made to the children based upon his Social Security.

The evidence, viewed in the light most favorable to the Judgment, demonstrates that the trial court considered all relevant factors when it determined a maintenance award for Wife. However, because this Court is granting Husband's first point on appeal regarding child support, we remind the trial court to continue to be mindful of the Social Security credit Husband is entitled to against his child support obligation here as the trial court determines the presumed correct child support amount based on a proper mandatory Form 14, and then whether the amount is unjust or inappropriate.

In its Judgment for maintenance, the trial court ordered Husband to pay Wife modifiable maintenance of $400 per month, which it noted was "not enough to meet all of her reasonable needs but it is all the Court will award and leave income to Husband to support himself." The court found that Wife's expenses included rent or mortgage ($350), utilities ($230) (including gas, water, and electric), telephone ($50), auto gas and oil ($260), auto maintenance ($25), auto taxes and license ($10), auto insurance ($50), food ($200), clothing ($50), medical insurance ($200), medical/dental care exclusive of insurance ($45), recreation and travel ($100), laundry and cleaning ($30), beauty shop ($30), and miscellaneous ($75). Based on the credible evidence presented at trial the trial court found Wife's reasonable needs for her living expenses total approximately $1,705 per month. Based on the credible evidence presented at trial, Husband's reasonable needs were the same as Wife's. The trial court considered Husband's income from his separate property, the amounts of Wife's income and imputed income, and the fact that the children receive Social Security income based on Husband to find, "there simply is not enough income to meet everyone's needs. Yet they need to share what does come into the household." Because Wife is "unable to support herself through appropriate employment," the trial court found Wife is entitled to maintenance. Clearly, the trial court considered the Social Security income.

In its findings and conclusions, the trial court noted that pursuant to Section 452.355.1, a spouse must lack sufficient property to provide for his or her reasonable needs, and is unable to support himself or herself through employment, or is the custodian of a child whose circumstances make it appropriate to refrain from working outside the home. However, Husband argues on appeal that the trial court failed to

9

consider other subsections of the same statute, namely, subsection 8 of Section 452.355.2, "the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance," and subsection 5 of 452.355.2, "the obligations and assets, including the marital property apportioned to him and the separate property of each party." However, we disagree with Husband's contention as the trial court specifically noted the lack of income to meet everyone's needs, but the need for them to share what they do have. The trial court also noted that "reasonable needs" is a relative term and does not automatically mean the standard of living established during the marriage. Specifically, the court recognized Husband's age and retirement in its determination.

Based on the evidence in the record before us, we find no abuse of discretion in the trial court's determination of maintenance. Although Husband argues the trial court considered both the children's expenses and Wife's expenses when calculating maintenance, we find no evidence of such. Under Rule 81.12(c), the appellant, here Husband, has the burden to provide the Court with a record on appeal that is sufficient to permit it to review the appellant's claims of error. Ratcliff v. Sprint Mo., Inc., 261 S.W.3d 534, 549 (Mo. App. W.D. 2008). The parties' statements of income and expenses do not demonstrate any improper inclusion of child expenses in the maintenance calculation, and we find no other evidence on the record that would do so. Accordingly, Husband's second point on appeal regarding error in the maintenance calculation is denied.

D. Point III: Trial Court did not abuse its discretion in awarding modifiable maintenance.

10

In his third and final point, Husband alleges the trial court erred in awarding permanent maintenance to Wife by failing to find Husband's income from a retirement savings account and other retirement plans included taxable distributions of principal and were declining and limited in duration, such that the court's finding of no evidence of an impending change in the financial condition of the parties was not supported by competent evidence.

Husband testified at trial that his income was attributable to three IRAs and one retirement account, that he had reduced his income by $500 because he spent about seven years' worth of it on legal fees, and that he was not going to have anything in a few years, however, he did not have receipts to submit to the court with him. In light of this evidence, the trial court stated: "So 2,285 minus 500 is 1,785 plus 325 net. So right now you are getting income of 2,110. Okay."

Husband was asked at trial, "If you were to continue to withdraw the funds from your retirement accounts the way you did over the last year, would you be able to have the same amount of income available to you?" Husband responded, "Absolutely not." The trial court stated it did not know what was meant by that, and Husband's attorney clarified that he was asking whether, if Husband continued to have the same level of income as shown in last year's tax return, "essentially how long would those retirement accounts last?"

Husband additionally testified:

> I have one retirement account that has less than $2000 in it. It will be depleted in the next year or two. The other one has four or five or six. I'm not really sure. But I expect it to last – I get 125 out of it a month. I expect it to last maybe four or five years. The Nationwide, I have already quit taking out of, and I have a Key West that I'm not sure how much is in there, but I only draw every three months 250.

11

On appeal, Husband argues that some of the retirement accounts were described as "annuities" and also as "IRAs," which are two separate and distinct types of investments, but the record does not disclose any attempt to determine which they were. He argues the trial court should have recognized the retirement accounts were denominated incorrectly, or at least required clarification. We disagree.

As reviewed in Point II, maintenance may be awarded if the court finds the spouse seeking maintenance (1) lacks sufficient property to provide for his or her reasonable needs; and (2) is unable to support himself or herself through appropriate employment. Section 452.335. Once a court determines maintenance is appropriate, the court has broad discretion in determining the amount and duration of the maintenance. Schroeder v. Schroeder, 924 S.W.2d 22, 26-27 (Mo. App. E.D. 1996). Maintenance shall be in such amounts and for periods of time as the court deems just, after considering all relevant factors, including the financial resources of the party seeking maintenance; the time necessary to acquire sufficient education or training for the party to find employment; the comparative earning capacity of the parties; the standard of living established during the marriage; the obligations and assets, including marital and separate property; the duration of the marriage; the age, physical condition and emotional condition of the spouse seeking maintenance; the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance; the conduct of the parties during the marriage; and any other relevant factors. Section 452.335.2. "There is a judicial preference for awards of unlimited maintenance." Schroeder, 924 S.W.2d at 27. Limitation on the duration of maintenance is justified only where substantial evidence exists of an impending change in the financial

12

conditions of the parties.  Id.  There is no such evidence present in this case.  A maintenance award should not be based on speculation as to future conditions of the parties.  Smith v. Smith, 840 S.W.2d 276, 277 (Mo. App. W.D. 1992).  See also, Wofford v. Wofford, 991 S.W.2d 194, 200 (Mo. App. W.D. 1999).  "Neither an appellate court [n]or a trial court may speculate on what the future might justify; rather, such a determination should be made in a proceeding for modification of the award upon a showing of changed circumstances."  Whitworth v. Whitworth, 806 S.W.2d 145, 148 (Mo. App. W.D. 1991).

Although uncontroverted, Husband's testimony here lacked specificity as to the types of accounts he held and the duration they would last.  It was not the trial court's job to gather evidence on such matters, or speculate as to when money would be depleted.  Husband failed to provide substantial evidence of his impending change in financial condition, whereupon he will be required to request a modification upon a showing of changed circumstances.

The trial court did not abuse its discretion in awarding Wife permanent maintenance until a change in circumstances is shown.  Husband's third point is denied.

### III.  Conclusion

The judgment of the trial court is affirmed in part and reversed and remanded in part, with directions to the trial court.

_____
Roy L. Richter, Presiding Judge

Clifford H. Ahrens, J., concurs
Glenn A. Norton, J., concurs

13