

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| STEPHEN M. SCHUMERT, | ) | No. ED101787 |
| | ) | |
| Respondent/Cross-Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | |
| KRISTI L. DREYER, | ) | Honorable Mary Elizabeth Ott |
| | ) | |
| Appellant/Cross-Respondent. | ) | Filed: February 9, 2016 |

### I. Introduction

Kristi L. Dreyer ("Wife" or "Mother") appeals from the trial court's Second Amended Judgment/Order and Decree of Dissolution of Marriage (the "Second Amended Judgment") between Wife and Stephen M. Schumert's ("Husband" or "Father"). The trial court awarded joint legal custody to the parties and sole physical custody of the minor children to Husband; ordered Wife to pay Husband child support; divided the marital property and set aside the separate property of the parties; ordered Wife to pay Husband spousal maintenance; and ordered Wife to pay Guardian ad Litem fees and Husband's attorneys' fees. Wife asserts five points of error on appeal. We affirm in part and reverse and remand in part.

First, we find that the trial court did not err in the Second Amended Judgment as it relates to Wife's claims in Points I, II, IV, and V. An extended opinion on these points would have no precedential value. We have, however, provided the parties a separate memorandum setting forth the reasons for our decision. The trial court's judgment as to these points is affirmed

1

pursuant to Rule 84.16(b).[1]  Second, we reverse the trial court's judgment as to Wife's claim in Point III and remand to the trial court for recalculation of Form 14 in the Second Amended Judgment consistent with this opinion.

## II. Background

Husband and Wife were married in St. Louis, Missouri in June 1996 and separated in February 2011.  The parties subsequently filed counter-petitions for dissolution and their proposed parenting plans.  There were two unemancipated children born of the marriage: M.D.S. ("Daughter"), who was 14 years old at the time of trial; and A.D.S. ("Son"), who was 10 years old at the time of trial.  The parties' oldest child, S.N.D., was 22 years old and emancipated at the time of trial.

Wife is a physician employed by the United States Air Force (the "Air Force"), earning the gross sum of $15,492 per month.  Although Husband obtained a degree in Business Administration prior to the marriage, he assumed the role of stay-at-home parent during the marriage, working outside the home only sporadically for 16 years.  At the time of trial, Husband was earning a gross sum of $2,253 per month.

When the parties separated, Wife was stationed in Italy.  Husband moved, with the two minor children, from Maniago, Italy to St. Louis County, Missouri.  Husband has resided with the minor children in St. Louis County since the separation.  At the time of trial, Wife lived in Montgomery, Alabama, which was her duty station.

The case was tried before the court.[2]  The court appointed a Guardian ad Litem (the "GAL") to represent the best interests of the two minor children.  Husband, Wife, Daughter, and Son testified.  On July 17, 2013, the trial court entered its Judgment of Dissolution (the

---

[1] All rule references are to Missouri Supreme Court Rules (2015) unless otherwise indicated.
[2] The trial was held on November 6, 7, and 16, 2012.

2

"Judgment") and findings of fact and conclusions of law. Both parties filed motions to amend the Judgment. The trial court entered its Amended Judgment of Dissolution on November 9, 2013 (the "Amended Judgment"). The parties then filed motions to amend the Amended Judgment.

On March 10, 2014, the trial court entered the Second Amended Judgment; awarding joint legal custody of the minor children to the parties, sole physical custody to Husband, and visitation rights according to the Parenting Plan attached to the Second Amended Judgment; ordering Wife to pay Husband $1,707.00 per month for child support of the two minor children; ordering Wife to pay Husband $1,000.00 per month for modifiable maintenance; dividing the marital property; setting aside the separate property of Husband and Wife; ordering Wife to pay $11,907.00 for Husband's attorneys' fees; and ordering Wife to pay $2,597.00 for GAL's fees. Wife appeals.[3] Additional relevant facts will be discussed as necessary to our analysis of the issues on appeal.

### III. Standard of Review

Our review of a judgment of dissolution is governed by the principles announced in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Kamler v. Kamler*, 213 S.W.3d 185, 187 (Mo. App. E.D. 2007). We will affirm the judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Kamler*, 213 S.W.3d at 187. On appeal, we defer to the trial court's determinations regarding the credibility of witnesses and view the evidence and inferences drawn therefrom in the light most favorable to the judgment. *Neal v. Neal*, 281 S.W.3d 330, 337 (Mo. App. E.D. 2009).

---

[3] Husband initially cross-appealed, but subsequently dismissed his appeal.

## IV. Discussion

In Point III, Wife asserts the trial court erred by adopting a Form 14 that is inconsistent with the findings of the trial court's own judgment. Wife argues that adopting the Form 14 was against the manifest weight of the evidence because the Form 14 contained mathematical errors. We agree.

Rule 88.01 in conjunction with section 452.340, RSMo (2000),[4] directs the trial court to follow a two-step procedure for determining child support. *Woolridge v. Woolridge*, 915 S.W.2d 372, 378 (Mo. App. W.D. 1996); *Sullins v. Sullins*, 417 S.W.3d 878, 881 (Mo. App. E.D. 2014). "In step one, the trial court is required to determine and find for the record the presumed correct child support amount pursuant to a correct Form 14 calculation." *Id.* at 379. In doing so, the trial court can either accept one of the party's Form 14 submitted to the court or perform its own Form 14 calculation. *Sullins*, 417 S.W.3d at 881. "The first step is a mathematical calculation, the mandatory use of which insures that the child support guidelines will be considered in every case." *Id.* (quotations omitted). "In step two, the trial court is required to consider whether to rebut the presumed correct child support amount, . . . , as being unjust or inappropriate after consideration of all relevant factors[]" under section 452.340.8 and Rule 88.01. *Woolridge*, 915 S.W.2d at 378. Although the second step can be performed without a mandatory worksheet or formula, "the first step of calculating the presumed [child support] amount using Form 14 is mandatory." *Sullins*, 417 S.W.3d at 882. Further, the "formula" to be employed and the factors to be considered in calculating the presumed correct child support amount in a Form 14 is not discretionary.[5] *Thomas v. Moore*, 410 S.W.3d 748, 757–58 (Mo. App. W.D. 2013).

---

[4] All further statutory references are to RSMo 2000 as supplemented, unless otherwise indicated.
[5] However, Rule 88.01 leaves it to the court to determine whether a Form 14 item should be included in a Form 14 calculation under a given factual situation and the correct amount of the item to be included. *Thomas v. Moore*, 410 S.W.3d 748, 757–58 (Mo. App. W.D. 2013).

4

Here, both parties submitted their own proposed Form 14 to the court.[6] After considering the parties' Form 14, the trial court attached and incorporated by reference a Parenting Plan along with a Form 14 to the Second Amended Judgment. In the Form 14 calculation, the trial court made the following findings:

|  | Husband | Wife | Combined |
|---|---|---|---|
| 1. Monthly gross income | $2,253 | $15,492 | |
| 1a. Monthly court-ordered maintenance being received | $1,000 | | |
| 2. Adjustments | | | |
| 2b. Monthly court-ordered maintenance being paid | | $1,000 | |
| 3. Adjusted monthly gross income | $2,642 | $14,992 | $17,634 |
| 4. Proportionate share of combined adjusted monthly gross income | 15.0% | 85.0% | |
| 5. Basic child support amount | | | $2,276 |
| 8. Total combined child support costs | | | $2,276 |
| 11. Adjustment for a portion of amounts expended during periods of overnight visitation or custody | | $227 | |
| 12. Presumed child support amount | | $1707 | |

We find substantial evidence supports the trial court's findings regarding the parties' monthly gross income on Line 1. However, the trial court mathematically erred in calculating the parties' adjusted monthly gross income on Line 3. As indicated in the comments and directions to Form 14,[7] Husband's Line 3 should be calculated by adding the court-ordered maintenance of $1,000, Line 1a, to Husband's monthly gross income on Line 1. Accordingly, the amount entered on Line 3 for Husband should have been $3,253. Likewise, Wife's Line 3 should be calculated by subtracting the court-ordered maintenance of $1,000, Line 2b, from Wife's total monthly gross income on Line 1. Accordingly, the amount entered on Line 3 for Wife should have been $14,492.

The trial court mathematically erred in arriving at Line 3. Since the amounts on Line 3 are necessary to calculate Line 4 (proportionate share of combined adjusted monthly gross income) and Line 12 (presumed child support amount), the amounts entered on Line 4 and Line

---

[6] The parties did not include their proposed Form 14 submitted to the trial court as part of the record on appeal.
[7] Civil Procedure Form No. 14, DIRECTIONS, COMMENTS FOR USE AND EXAMPLES FOR COMPLETION OF FORM NO. 14.

5

12 by the trial court are consequently in error. Because the formula in calculating Form 14 is not discretionary, any error in calculating Line items inevitably results in erroneous presumed child support amount. *See Elliott v. Elliott*, 920 S.W.2d 570, 579 (Mo. App. W.D. 1996) (holding the trial court's presumed child support amount in its Form 14 was erroneous because it mathematically erred in calculating parties' proportionate shares of combined adjusted monthly gross income). Accordingly, the trial court erred in entering $1,707 as the presumed child support amount in the Form 14.[8]

Pursuant to Rule 84.14,[9] this Court could correct the mathematical error in the Form 14 calculation without a remand. *See Elliott*, 920 S.W.2d at 579 (correcting a mathematical error in the trial court's Form 14 calculation without a remand). However, we decline to do so here because the record is unclear as to whether the trial court rebutted the presumed child support amount as unjust and inappropriate. The second step of determining child support gives a trial court discretion to rebut the presumed child support amount in Form 14 as unjust and inappropriate. *Woolridge*, 915 S.W.2d at 378. Therefore, we remand to the trial court to recalculate the Form 14 consistent with this opinion.

## V. Conclusion

We affirm the trial court's judgment as to Wife's claims in Points I, II, IV, and V pursuant to Rule 84.16(b). We reverse the trial court's judgment in Point III and remand to the trial court for recalculation of Form 14 consistent with this opinion.

---

[8] Wife also asserts the trial court erred by not including an adjustment for the court-ordered monthly maintenance awarded to Husband. We find no merit to this assertion. The Form 14 calculation clearly shows that the trial court correctly included the court-ordered maintenance of $1,000 on both Lines 1a and 2b.

[9] Rule 84.14 allows the appellate court to finally dispose of a case unless justice otherwise requires. Accordingly, we can enter a judgment that should have been entered "in circumstances that indicate there is no further need for proceedings in the circuit court." *DeBaliviere Place Ass'n v. Veal*, 337 S.W.3d 670, 679 (Mo. banc 2011).

_____
Angela T. Quigless, Judge

Philip M. Hess, P.J., and
Gary M. Gaertner, Jr., J., Concurs

7